UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN KIETTY ALI, | No. 2:25-cv-1360 AC P |
| Plaintiff, | |
| v. | ORDER |
| BENAVIDEZ, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

Plaintiff alleges that defendants Benavidez, Akins, Martin, Brewer, Mayfield, and Rocha violated his Eighth Amendment rights while he was incarcerated at California State Prison Sacramento ("CSP-Sac"). Specifically, plaintiff alleges that on August 25, 2023, defendants Rocha and Mayfield escorted him to defendants Akins' and Benavidez's office. ECF No. 1 at 5. Once there, plaintiff expressed safety concerns he had that he would be killed if he remained at CSP-Sac. Id. Rocha, Mayfield, Akins and Benavidez refused to listen and escorted him back to his cell. Id. On the way back, plaintiff refused to go to his cell and sat down on the ground. Id.

In response, defendants Benavidez, Akins, Martin, Brewer, Mayfield and Rocha slammed him to the ground, causing plaintiff to sustain injuries to his face, legs, and shoulders.  Id.

### III.     Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), and liberally construing the allegations, the court finds that plaintiff has adequately stated an excessive force claim under the Eighth Amendment against defendants Benavidez, Akins, Martin, Brewer, Mayfield, and Rocha.

### IV.     Failure to State a Claim

The allegations in the complaint are not sufficient to state any claim for relief against Benavidez, Akins, Mayfield, and Rocha for deliberate indifference to plaintiff's safety.  Plaintiff makes nothing more than conclusory statements that his life was at risk if he remained at CSP-Sac.  Without more information, such as what the alleged risk was based on, plaintiff fails to plausibly allege that there was a serious risk of harm to his safety and that defendants Benavidez, Akins, Mayfield, and Rocha were aware of a serious risk of harm to plaintiff and ignored it.  Moreover, plaintiff fails to allege that Benavidez's, Akins', Mayfield's and Rocha's actions resulted in any harm connected to any specific safety concern.

It appears to the court that plaintiff may be able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.

### V.     Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants Benavidez, Akins, Martin, Brewer, Mayfield, and Rocha for use of excessive force.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss his claims of deliberate indifference to his safety against defendants Benavidez, Akins, Mayfield, and Rocha.  The court will proceed to immediately serve the complaint and order a response from defendants Benavidez, Akins, Martin, Brewer, Mayfield, and Rocha.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.   <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Some of the allegations in the complaint state claims against the defendants and some do not. At this early stage in the case, you have sufficiently stated Eighth Amendment claims against defendants Benavidez, Akins, Martin, Brewer, Mayfield, and Rocha. You have not, however, stated claims against Benavidez, Akins, Mayfield and Rocha for deliberate indifference to your safety because your allegations of a serious risk are too conclusory.

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment excessive force claims against Benavidez, Akins, Martin, Brewer, Mayfield, and Rocha and voluntarily dismiss the other claims; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. <u>See</u> Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff does not state deliberate indifference claims to his safety against defendants Benavidez, Akins, Mayfield, and Rocha.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claims against defendants Benavidez, Akins, Martin, Brewer, Mayfield, and Rocha as set forth in Section III above, or to file an amended complaint.

////

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of his Eighth Amendment deliberate indifference claims against Benavidez, Akins, Mayfield, and Rocha.

DATED: May 28, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN KIETTY ALI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BENAVIDEZ, et al.,<br><br>　　　　　Defendants. | No. 2:25-cv-1360 AC P<br><br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claims against defendants Benavidez, Akins, Martin, Brewer, Mayfield, and Rocha without amending the complaint. Plaintiff understands that by choosing this option, his Eighth Amendment deliberate indifference claims against defendants Benavidez, Akins, Mayfield, and Rocha will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Hussein Kietty Ali
　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Eighth Amendment - Deliberate Indifference

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently

culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

### B. Eighth Amendment - Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.